UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: _____

HIREN PATEL,

    Plaintiff,

v.

RMVDDS LLC d/b/a OMG FAST!
And CSC HOLDINGS, LLC,

    Defendants.
_____/

## PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Hiren Patel ("Plaintiff"), by and through his undersigned counsel and pursuant to Rule 7, Federal Rules of Civil Procedure, hereby submits this, his Complaint and Demand for Jury Trial against Defendants RMVDDS, LLC d/b/a OMG FAST! and CSC Holdings, LLC ("Defendants") and states the following:

    1.    This action is brought to recover from Defendants overtime compensation, liquidated damages, and the costs and reasonable attorneys' fees of this action under the provisions of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA").

    2.    Defendants are internet access providers with a location at 2301 West Sample Road in Pompano, Broward County, Florida.

    3.    Plaintiff was hired and jointly employed by Defendants as an Account Executive between August 2012 and June 28, 2013, and brings this action on behalf of himself for overtime compensation, liquidated damages, and other relief under the FLSA.

    4.    As an Account Executive, Plaintiff's primary job functions included attending daily meetings, putting flyers on people's doors regarding Defendants' services, standing outside

shopping centers handing out flyers and putting flyers on cars regarding Defendants' services, receiving inbound calls for customer service, placing outbound calls for customer service, and placing orders for internet service.

5. Plaintiff accordingly performed non-exempt duties for Defendants in Broward County, Florida as reflected in paragraph 4 above.

6. In order to carry out his functions, Plaintiff was required to use company materials, equipment, and supplies, including, but not limited to, a company cell phone and company ipad.

7. By the very nature of the services provided by Defendants, Defendants engage in commerce as defined and required by the FLSA.

8. Defendants also order, purchase, and obtain their materials, equipment, and supplies, including, but not limited to, its flyers, company shirts, company cell phones, company ipads, and company bags from out of state sources and vendors.

9. Defendants also market their services across state lines and throughout the world on the internet at omgfast.com.

10. Given the foregoing, Defendants were, at all times pertinent to this Complaint, engaged in interstate commerce.

11. Plaintiff's job functions, moreover, regularly required him to utilize and handle the equipment, supplies, and materials which traveled across state lines.

12. Given the foregoing, Plaintiff's job functions for and on behalf of Defendants included, but was not limited to, engaging in commerce by engaging in the provision of internet services, which services crossed state lines.

13. Defendants also employed other Account Executives whose job functions included handling supplies, materials, and equipment that came from out of state, and engaging in commerce by engaging in the provision of internet services, which services crossed state lines.

14. By reason of the foregoing, Defendants had two (2) or more employees engaged in commerce or the production of goods for commerce, and/or who have regularly sold, handled, or otherwise worked on goods and/or materials that had/have been moved in or produced for interstate commerce.

15. The annual gross sales volume of Defendants was in excess of $500,000.00 per annum individually and collectively at all times material hereto.

16. By reason of the foregoing, Defendants at all times pertinent to this Complaint, had been an enterprise engaged in interstate commerce or in the production of goods for commerce as defined and/or required by the FLSA.

17. Also by reason of the foregoing, Plaintiff at all times pertinent to this Complaint was engaged in interstate commerce and was therefore an individual covered by the FLSA.

18. Plaintiff regularly worked in excess of forty (40) hours per week in one or more weeks during his employment with Defendants.

19. However, Defendants did not pay time and one-half wages for any of the overtime hours worked by Plaintiff.

20. The records, if any concerning the hours worked by Plaintiff are in the possession and custody of Defendants.

21. The records, if any, concerning the compensation actually paid to Plaintiff are in the possession and custody of Defendants.

22. Jurisdiction is conferred on this Court by 28 U.S.C. §1337 and by 29 U.S.C. §216(b).

## COUNT I
## FAILURE TO PAY OVERTIME COMPENSATION – FLSA VIOLATION AS TO ALL DEFENDANTS

23. Plaintiff adopts and realleges the allegations contained in paragraphs 1 through 22 as if fully set forth herein.

24. Pursuant to the FLSA, Plaintiff is entitled to be paid time and one-half of his regular rate of pay for each hour worked in excess of forty (40) hours per work week.

25. Defendants knowingly and willfully failed to pay Plaintiff time and one-half of his regular rate of pay for all hours worked in excess of forty (40) per week.

26. By reason of the said intentional, willful and unlawful acts of Defendants, Plaintiff has suffered damages plus incurring costs and reasonable attorneys' fees.

27. As a result of Defendants' willful violations of the FLSA, Plaintiff is entitled to liquidated damages.

28.     Plaintiff has retained the undersigned counsel to represent him in this action, and pursuant to 29 U.S.C. §216(b), Plaintiff is entitled to recover all reasonable attorneys' fees and costs incurred in this action.

29.     Plaintiff's particular damages are calculated as follows:

    a)   Plaintiff worked 60 hours per week.

    b)   Plaintiff's hourly rate was $14.45/hour for every hour worked up to 40 in a week.

    c)   Plaintiff's overtime rate should accordingly have been $21.68/hour ($14.45 x 1.5).

    d)   $21.68 x 20 overtime hours per week = $433.60 in overtime compensation owed per week.

    e)   $433.60 per week x 45 weeks = $19,512.00.

    f)   $19,512.00 x 2 (liquidated damages) = $39,024.00.

    g)   **Attorney's Fees and Costs**

        1)   Fees: $325.00/hour x 3 hours = $975.00.  Fees continue to accrue.

        2)   Costs: $400.00 Filing Fee.  Costs continue to accrue.

30.     By reason of the said intentional, willful and unlawful acts of Defendants, Plaintiff has suffered damages plus incurring costs and reasonable attorneys' fees.

31.     As a result of Defendants' willful violations of the FLSA, Plaintiff is entitled to liquidated damages.

32. Plaintiff has retained the undersigned counsel to represent him in this action, and pursuant to the FLSA, Plaintiff is entitled to recover all reasonable attorneys' fees and costs incurred in this action.

WHEREFORE, Plaintiff demands judgment against Defendants jointly and severally for the payment of all overtime hours at one and one-half times his regular rate of pay due him for the hours worked by him for which he has not been properly compensated, liquidated damages, reasonable attorneys' fees and costs of suit, and for all proper relief including prejudgment interest.

## JURY TRIAL DEMANDED

33. Plaintiff demands a jury trial on all of the above claims.

Respectfully submitted,

s/ Jeffrey M. Goodz
Jeffrey M. Goodz (Fl. Bar No. 0953600)
REMER & GEORGES-PIERRE, PLLC
E-mail: jgoodz@rgpattorneys.com
4901 Northwest 17th Way, Suite 505
Fort Lauderdale, Florida 33309
Telephone: (954) 717-4500
Facsimile: (305) 416-5005
Attorneys for Plaintiffs

Dated: September 24, 2013